834 F.2d 994
 56 USLW 2384, 13 O.S.H. Cas.(BNA) 1521,
1988 O.S.H.D. (CCH) P 28,112
 William E. BROCK, U.S. Secretary of Labor, Petitioner,
v.
EMERSON ELECTRIC COMPANY, ELECTRONIC & SPACE DIVISION, and
Occupational Safety and Health Review Commission,
Respondents.
 No. 87-8363.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 31, 1987.
 
 Andrea C. Casson, Ellen L. Beard, Steven J. Mandel, U.S. Dept. of Labor, Washington, D.C., for petitioner.
 William T. Weidle, Jr., St. Louis, Mo., for respondents.
 Petition for Review of an Order of the Occupational Safety and Health Review Commission.
 Before HILL and FAY, Circuit Judges, and ALLGOOD*, Senior District Judge.
 HILL, Circuit Judge:
 
 
 1
 The Secretary of Labor petitioned this court for review of the decision of the Occupational Safety and Health Review Commission holding that a regulation promulgated by the Secretary of Labor violates the Fourth Amendment of the United States Constitution to the extent that it authorizes inspection of employers' records without a warrant or subpoena. We affirm the Commission's decision and order.
 
 I. BACKGROUND
 
 2
 As part of its overall scheme to provide safe working conditions, the Occupational Safety and Health Act (OSHA) requires employers to "make, keep and preserve, and make available to the Secretary [of Labor] ..." such records as the Secretary prescribes by regulation. 29 U.S.C. Sec. 657(c). Pursuant to section 657(c) of the Act, the Secretary promulgated regulations requiring employers to maintain a log and summary of all recordable occupational injuries and illnesses on a form known as OSHA No. 200, and a supplemental record of each recordable illness or injury on a form known as OSHA No. 101. See 29 C.F.R. Secs. 1904.2, 1904.4. Additionally, under 29 C.F.R. Sec. 1904.7, an employer must produce those and other forms for inspection upon request. It is section 1904.7 that is in question in this case.
 
 
 3
 The facts which led to the present appeal are not in dispute. An OSHA compliance officer visited a plant operated by Emerson Electric Company in response to an employee health complaint. The officer requested permission to inspect the work place and to examine the company's forms No. 101 and No. 200 for the years 1982-1984. Emerson's personnel manager permitted a warrantless search of the work place, but refused to allow inspection of its records without a warrant or subpoena. The Secretary issued a citation to Emerson for a violation of 29 C.F.R. Sec. 1904.7, but no penalty was proposed.
 
 
 4
 Emerson contested the citation, and a hearing was held before an administrative law judge of the Occupational Safety and Health Review Commission.[1] The ALJ vacated the citation on the grounds that Emerson had a Fourth Amendment right to insist on a warrant or subpoena. The Commission affirmed the ALJ's order on the basis of its opinion in Kings Island, Division of Taft Broadcasting Co., OSHRC Docket No. 82-1016 (March 18, 1987). In King's Island, the Commission held that employers retain a privacy interest in the OSHA records, and that section 1904.7 violates the Fourth Amendment to the extent that it authorizes inspection of those records without a warrant or subpoena. The Secretary filed a petition for review in this court pursuant to 29 U.S.C. Sec. 660(b).
 
 II. DISCUSSION
 
 5
 The Supreme Court has stated the following with regard to the Fourth Amendment: "The basic purpose of this Amendment, as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." Camara v. Municipal Court, 387 U.S. 523, 528, 87 S.Ct. 1727, 1730, 18 L.Ed.2d 930 (1967). In furthering this purpose, the courts must first identify protected privacy interests, and then provide assurance that those interests are not arbitrarily invaded.
 
 
 6
 We therefore begin our analysis with the question of whether Emerson has a privacy interest in the OSHA records. We conclude that it does. The Supreme Court has made it abundantly clear that citizens generally have a constitutionally protected privacy interest in commercial property. See New York v. Burger, --- U.S. ----, 107 S.Ct. 2636, 2642, 96 L.Ed.2d 601 (1987); Marshall v. Barlow's, Inc., 436 U.S. 307, 311-12, 98 S.Ct. 1816, 1819-20, 56 L.Ed.2d 305 (1978). The Court has also made it clear that "the Fourth Amendment prohibition against unreasonable searches protects against warrantless intrusions during civil as well as criminal investigations." Barlow's, 436 U.S. at 312, 98 S.Ct. at 1820. We find no reason to conclude that the privacy interest which normally attaches to commercial information does not attach here. Emerson is not in a "closely regulated" industry simply by virtue of operating within the scope of OSHA's regulatory authority. See Barlow's, 436 U.S. at 313-14, 98 S.Ct. at 1820-21. Moreover, as the Commission noted, many employers kept records regarding injuries and illnesses prior to the enactment of OSHA. The fact that this information must now be compiled in a particular format does not serve to strip away a company's attendant privacy interest in that information. Thus, we conclude that Emerson does have a protected privacy interest in the records requested here.
 
 
 7
 Having found that the Fourth Amendment offers some protection to Emerson's interest in the records, we turn to the matter of defining that protection. As noted above, the primary purpose of the Fourth Amendment is to prevent arbitrary invasions of privacy.[2] With regard to nonconsensual administrative searches, the Supreme Court has held that judicial oversight, through a warrant requirement, is essential to restraining the "unbridled discretion" which arises out of the authority to make warrantless searches. Barlow's, 336 U.S. at 323, 98 S.Ct. at 1826. With regard to inspections of documents, the Court has stated the following:
 
 
 8
 The agency has the right to conduct all reasonable inspections of such documents which are contemplated by statute, but it must delimit the confines of a search by designating the needed documents in a formal subpoena. In addition, while the demand to inspect may be issued by the agency, in the form of an administrative subpoena, it may not be made and enforced by the inspector in the field, and the subpoenaed party may obtain judicial review of the reasonableness of the demand prior to suffering penalties for refusing to comply.
 
 
 9
 See v. City of Seattle, 387 U.S. 541, 544-45, 87 S.Ct. 1737, 1739-40, 18 L.Ed.2d 943 (1967) (emphasis added). Moreover, the court requires that any subpoena of documents be " 'sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome.' " Donovan v. Lone Steer, Inc., 464 U.S. 408, 415, 104 S.Ct. 769, 773, 78 L.Ed.2d 567 (1984) (quoting See, 387 U.S. at 544, 87 S.Ct. at 1739).[3] It is clear that providing employers with the opportunity to insist on a subpoena, and thereby providing an opportunity for judicial oversight, is essential to restraining the government's discretion to invade a company's privacy. Thus, we hold that an employer may require OSHA to obtain a subpoena for requested documents. In this way, prior to the issuance of a citation or the imposition of a penalty, an employer can seek judicial assurance that the request is not arbitrary.
 
 
 10
 The Secretary attempts to underscore the significance of the fact that no penalty was proposed when Emerson was cited for violating the law by refusing to turn over the documents.[4] We fail to appreciate the significance of this fact. The forbearance of a field officer in graciously declining to propose a penalty does not suffice to protect an employer's constitutional rights. The Fourth Amendment operates to protect citizens from the exercise of just such discretion. Moreover, the officer ordered Emerson to produce the records and cited Emerson for violating the law when it refused. We hold today that, under the Fourth Amendment, an employer may require OSHA to issue a subpoena and may seek judicial involvement by refusing to honor the subpoena prior to its judicial enforcement. The employer may not be given a citation for asserting this constitutional right.
 
 III. CONCLUSION
 
 11
 For the reasons discussed above, we affirm the decision of the Commission.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 The Commission is an independent adjudicatory agency which is responsible for the review of contested OSHA violations. See 29 U.S.C. Secs. 659(c), 661
 
 
 [2]
 Because this case involves discretionary and potentially arbitrary requests for document inspection, it is not governed by cases in which businesses or individuals are required to report particular information to the government on a regular basis. See, e.g., California Bankers Ass'n v. Shultz, 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974) (upholding reporting requirements under the Bank Secrecy Act of 1970). In such cases, a uniform statutory or regulatory reporting requirement satisfies the Fourth Amendment concern regarding the potential for arbitrary invasions of privacy. There is no such uniformity in the present case
 
 
 [3]
 While the Supreme Court has not expressly held that subpoenas are required, we find the Court's characterization of the law in See, 387 U.S. at 545, 87 S.Ct. at 1740 persuasive. Moreover, the Court has expressly imposed the above Fourth Amendment limitations on the government's authority to obtain documents with a subpoena. It defies logic to suggest that the government can circumvent these requirements, including the opportunity for judicial involvement, by simply choosing not to use a subpoena in requesting the documents
 
 
 [4]
 The Secretary also raises some question as to whether a penalty may be imposed at all in such cases. We note that the statute provides for penalties of up to $1,000 for non-serious violations. 29 U.S.C. Sec. 666(c). Moreover, the most recent version of OSHA's own operations manual provides for a penalty of $100 for each document that an employer refuses to turn over pursuant to 29 C.F.R. Sec. 1904.7. See Field Operations Manual, O.S.H.Rep. (BNA) 77:3108 (Nov. 11, 1987)