# DONOVAN, SECRETARY OF LABOR, ET AL. v. LONE STEER, INC.

No. 82–1684.   Argued November 29, 1983—Decided January 17, 1984

*Alan I. Horowitz* argued the cause for appellants. With him on the briefs were *Solicitor General Lee, Deputy Solicitor General Geller, Karen I. Ward,* and *Charles I. Hadden.*

*Richard G. Peterson* argued the cause for appellee. With him on the brief was *James Patrick Barone.*[*]

JUSTICE REHNQUIST delivered the opinion of the Court.

Section 11(a) of the Fair Labor Standards Act of 1938 (FLSA or Act), 52 Stat. 1066, 29 U. S. C. § 211(a), authorizes the Secretary of Labor to investigate and gather data regarding wages, hours, and other conditions of employment to determine whether an employer is violating the Act.[1] Section

---

[*]Briefs of *amici curiae* urging affirmance were filed for the National Restaurant Association by *Robert W. Hartland;* and for the Washington Legal Foundation by *Daniel J. Popeo, Paul D. Kamenar,* and *Nicholas E. Calio.*

*Robert E. Williams, Douglas S. McDowell,* and *Stephen C. Yohay* filed a brief for the Equal Employment Advisory Council as *amicus curiae.*

[1] Section 11(a), as set forth in 29 U. S. C. § 211(a), provides:

"The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter. Except as provided in section 212 of this title and in subsection (b) of this section, the Administrator shall utilize the bureaus and divisions of the Department of Labor for all the investigations and inspections necessary under this section. Except as provided in section 212 of this title, the Administrator shall bring all actions under section 217 of this title to restrain violations of this chapter."

Although § 11(a) grants investigatory authority specifically to the Wage and Hour Administrator, pursuant to Reorg. Plan No. 6 of 1950, 3 CFR 1004 (1949–1953 comp.), 64 Stat. 1263, 5 U. S. C. App. p. 743, the functions of all officers of the Department of Labor, including the Wage and Hour Administrator, are transferred to the Secretary of Labor, who may in turn delegate those functions.

9 of the FLSA, 29 U. S. C. § 209, empowers the Secretary of Labor to subpoena witnesses and documentary evidence relating to any matter under investigation.[2]  Pursuant to those provisions, an official of the Department of Labor served an administrative subpoena *duces tecum* on an employee of appellee Lone Steer, Inc., a motel and restaurant located in Steele, N. D.  The subpoena directed an officer or agent of appellee with personal knowledge of appellee's records to appear at the Wage and Hour Division of the United States Department of Labor in Bismarck, N. D., and

---

[2] Section 9 of the FLSA provides that for the purpose of any hearing or investigation under the provisions of the Act, § 9 of the Federal Trade Commission Act of 1914, 38 Stat. 722, as amended, 15 U. S. C. § 49, is made applicable "to the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor and the industry committees."  Section 9 of the Federal Trade Commission Act of 1914, as set forth in 15 U. S. C. § 49, provides in pertinent part:

"[T]he Commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation.  Any member of the Commission may sign subpoenas, and members and examiners of the Commission may administer oaths and affirmations, examine witnesses, and receive evidence.

"Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing.  And in case of disobedience to a subpoena the Commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

"Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any person, partnership, or corporation issue an order requiring such person, partnership, or corporation to appear before the Commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof."

to produce certain payroll and sales records. In an action filed by appellee to challenge the validity of the subpoena, the District Court for the District of North Dakota held that, although the Secretary of Labor had complied with the applicable provisions of the FLSA in issuing the subpoena, enforcement of the subpoena would violate the Fourth Amendment of the United States Constitution because the Secretary had not previously obtained a judicial warrant. We noted probable jurisdiction of the Secretary's appeal, 462 U. S. 1105 (1983), and we now reverse the judgment of the District Court.

On January 6, 1982, Al Godes, a Compliance Officer with the Wage and Hour Division of the Department of Labor, telephoned Susanne White, appellee's manager, to inform her that he intended to begin an investigation of appellee the following morning and to request that she have available for inspection payroll records for all employees for the past two years. White telephoned Godes later that day to inform him that it would not be convenient to conduct the inspection on the following morning. After some preliminary skirmishing between the parties, during which appellee inquired about the scope and reason for the proposed investigation and appellants declined to provide specific information, Godes and Gerald Hill, Assistant Area Director from the Wage and Hour Division in Denver, arrived at appellee's premises on February 2, 1982, for the purpose of conducting the investigation. After waiting for White, Godes served the administrative subpoena at issue here on one of appellee's other employees. The subpoena was directed to any employee of appellee having custody and personal knowledge of the records specifically described therein, records which appellee was required by law to maintain. See 29 CFR §§ 516.2(a), 516.5(c) (1983). The subpoena directed the employee to appear with those records at the Wage and Hour Division of the Department of Labor in Bismarck, N. D.

Appellee refused to comply with the subpoena and sought declaratory and injunctive relief in the District Court, claiming that the subpoena constituted an unlawful search and seizure in violation of the Fourth Amendment. Appellants counterclaimed for enforcement of the subpoena. The District Court concluded that the actions of appellants in issuing the administrative subpoena "unquestionably comport with the provisions of the Fair Labor Standards Act, as amended, 29 U. S. C. § 201, *et seq.*" App. A to Juris. Statement 6a. Relying on our decision in *Marshall* v. *Barlow's, Inc.*, 436 U. S. 307 (1978), however, the District Court held that the applicable provisions of the FLSA violate the Fourth Amendment insofar as they authorize the Secretary of Labor to issue an administrative subpoena without previously having obtained a judicial warrant. In *Barlow's* this Court declared unconstitutional the provisions of the Occupational Safety and Health Act of 1970 (OSHA) which authorized inspectors to enter an employer's premises without a warrant to conduct inspections of work areas. The District Court rejected appellants' arguments that *Barlow's* is not dispositive of the issue here by stating:

> "It is reasonable to conclude that the exigencies of an entry upon commercial premises for the purpose of conducting a safety and health inspection designed to protect the personal well-being of employees supply more compelling bases for proceeding without a warrant than the circumstances presented here, where entry is sought for the purpose of determining compliance with wage and hour regulations. The reasoning of the Supreme Court in *Barlow's* applies with equal—if not greater—force in the instant situation.
>
> "In sum, I hold that the Secretary of Labor may *not* proceed to enter upon the premises of Lone Steer, Inc., for the purpose of inspecting its records under SECTION 11 of the Fair Labor Standards Act without first having

obtained a valid warrant." App. A to Juris. Statement 8a.[3]

We think that the District Court undertook to decide a case not before it when it held that appellants may not "enter upon the premises" of appellee to inspect its records without first having obtained a warrant. The only "entry" upon appellee's premises by appellants, so far as the record discloses, is that of Godes on February 2, 1982, when he and Gerald Hill entered the motel and restaurant to attempt to conduct an investigation. The stipulation of facts entered into by the parties, App. 11–17, and incorporated into the opinion of the District Court, App. A to Juris. Statement 2a–8a, describe what happened next:

> "They asked for Ms. White and were told she was not available but expected shortly. They were offered some coffee, and waited in the lobby area. After 20–30 minutes, when Ms. White had not appeared, Mr. Godes served an Administrative Subpoena Duces Tecum on employee Karen Arnold." App. 15.

An entry into the public lobby of a motel and restaurant for the purpose of serving an administrative subpoena is scarcely the sort of governmental act which is forbidden by the Fourth Amendment. The administrative subpoena itself did not authorize either entry or inspection of appellee's premises; it merely directed appellee to produce relevant wage and hour records at appellants' regional office some 25 miles away.

---

[3] Because the District Court's order seemed only to bar "entry" onto appellee's premises, appellants filed a motion to alter or amend the judgment, arguing that the District Court's order did "not address the relief sought by the Secretary." App. A to Juris. Statement 15a. They sought to amend the District Court's order so as to compel appellee to produce documents at appellants' Bismarck office, emphasizing that compliance with such an order would not require an "entry" onto appellee's premises. The District Court denied the motion without opinion. *Id.*, at 13a–14a.

The governmental actions which required antecedent administrative warrants in *Marshall* v. *Barlow's, Inc., supra,* and *Camara* v. *Municipal Court,* 387 U. S. 523 (1967), are quite different from the governmental action in this case. In *Barlow's* an OSHA inspector sought to conduct a search of nonpublic working areas of an electrical and plumbing installation business. In *Camara* a San Francisco housing inspector sought to inspect the premises of an apartment building in that city. See also *See* v. *City of Seattle,* 387 U. S. 541 (1967) (involving a similar search by a fire inspector of commercial premises). In each case, this Court held that an administrative warrant was required before such a search could be conducted without the consent of the owner of the premises.

It is plain to us that those cases turned upon the effort of the government inspectors to make nonconsensual entries into areas not open to the public. As we have indicated, no such entry was made by appellants in this case. Thus the enforceability of the administrative subpoena *duces tecum* at issue here is governed, not by our decision in *Barlow's* as the District Court concluded, but rather by our decision in *Oklahoma Press Publishing Co.* v. *Walling,* 327 U. S. 186 (1946). In *Oklahoma Press* the Court rejected an employer's claim that the subpoena power conferred upon the Secretary of Labor by the FLSA violates the Fourth Amendment.

> "The short answer to the Fourth Amendment objections is that the records in these cases present no question of actual search and seizure, but raise only the question whether orders of court for the production of specified records have been validly made; and no sufficient showing appears to justify setting them aside. No officer or other person has sought to enter petitioners' premises against their will, to search them, or to seize or examine their books, records or papers without their assent, otherwise than pursuant to orders of court authorized by law

and made after adequate opportunity to present objections . . . ." *Id.*, at 195 (footnotes omitted).

We cited *Oklahoma Press* with approval in *See* v. *City of Seattle, supra,* a companion case to *Camara,* and described the constitutional requirements for administrative subpoenas as follows:

"It is now settled that, when an administrative agency subpoenas corporate books or records, the Fourth Amendment requires that the subpoena be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome." *See* v. *City of Seattle, supra,* at 544 (footnote omitted).

See also *United States* v. *Morton Salt Co.,* 338 U. S. 632, 652–653 (1950).

Thus although our cases make it clear that the Secretary of Labor may issue an administrative subpoena without a warrant, they nonetheless provide protection for a subpoenaed employer by allowing him to question the reasonableness of the subpoena, before suffering any penalties for refusing to comply with it, by raising objections in an action in district court. *See* v. *City of Seattle, supra,* at 544–545; *Oklahoma Press, supra,* at 208–209. Our holding here, which simply reaffirms our holding in *Oklahoma Press,* in no way leaves an employer defenseless against an unreasonably burdensome administrative subpoena requiring the production of documents. We hold only that the defenses available to an employer do not include the right to insist upon a judicial warrant as a condition precedent to a valid administrative subpoena.

Appellee insists that "[t]he official inspection procedure used by the appellants reveal[s] that the use of the administrative subpoena is inextricably intertwined with the entry process," Brief for Appellee 11, and states that it is appel-

lants' established policy to seek entry inspections by expressly relying on its inspection authority under § 11 of the FLSA. *Id.*, at 12. We need only observe that no nonconsensual entry into protected premises was involved in this case.

The judgment of the District Court is accordingly

*Reversed.*