The Honorable Ben Allen State Senator P. O. Box 2635 Little Rock, Arkansas 72203
Dear Senator Allen:
This is in response to your request for an opinion regarding the service of civil process on the premises of Falcon Jet. You have asked specifically whether Falcon Jet is entitled to refuse entry to its premises to civil process servers who intend to serve Falcon Jet employees in non-work related civil proceedings.
In considering potential limitations on an officer's authority to issue a citation for a criminal offense, the Arkansas Supreme Court stated in the case of Brenneman King v. State, 264 Ark. 460,467, 573 S.W.2d 47, cert. denied, 442 U.S. 931 (1978) that "the officers had no right to make a forcible entry of the dwelling house simply for the service of civil process." The Court thus intimates, albeit in dicta, that one serving civil process has no right or authority to force his or her way onto private property for the purpose of executing civil process.
While the Court's statement in Brenneman was made in the context of action on the part of police officers, it may be presumed that this language would extend to private process servers as well, particularly as to those persons appointed by the court for this purpose. Ark. Stat. Ann. 27-327 (Repl. 1979). These civil process servers are logically afforded no greater authority than law enforcement personnel in performing their duties.
It therefore appears that the answer to your question is yes; the civil process servers may be refused entry, at least to the extent that the alternative involves their forced entry onto the premises. Such entry would in all likelihood be deemed violative of either the Fourth Amendment to the United States Constitution or the general law of trespass.
The question arises, however, whether the company may under all circumstances refuse to cooperate with civil process servers in their efforts to serve company employees. As a general matter, the expectation of privacy afforded by the Fourth Amendment against unreasonable governmental intrusion extends to commercial as well as private property. See Gouled v. United States,255 U.S. 298 (1921); Carter v. State, 238 So.2d 681 (1970). The United States Supreme Court has noted on at least one occasion, however, that entry into a public lobby for purposes of serving a subpoena ". . . is scarcely the sort of governmental act which is forbidden by the Fourth Amendment." Donovan v. Lone Steer, Inc.,464 U.S. 408, 413 (1984). The Supreme Court has also noted that ". . . the expectation of privacy that the owner of commercial property enjoys in such property differs significantly from the sanctity accorded an individual's home. . . ." Donovan v. Dewey,452 U.S. 594, 598-599 (1981).
The Court in Donovan v. Lone Steer, Inc., 464 U.S. at 414, did distinguish the entry in that case from "nonconsensual entries into areas not open to the public." And in the statement in Donovan v. Dewey, supra, was made in the context of a legislative scheme authorizing warrantless administrative searches. It may thus be concluded that the forced entry into nonpublic areas will not be tolerated. Nor are we aware of any specific authority for the proposition that a company is compelled to call employees from their work stations for the purpose of receiving civil summons. However, these cases do offer at a minimum some indication that entry into public areas will not be precluded.
The Attorney General is required under Ark. Stat. Ann. 12-702 (Repl. 1979) to provide his opinion to members of the General Assembly upon the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. Ark. Stat. Ann. 12-701.1 (Repl. 1979). Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon nor offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.