980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A.J.S. SZIGETI, Plaintiff-Appellant,
v.
The OHIO DEPARTMENT OF COMMERCE, et al., Defendants-Appellees.
 No. 92-3448.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 A.J.S. Szigeti, pro se, appeals the district court's order granting the defendants' motion for summary judgment and denying Szigeti's motion for reconsideration of a prior order denying a preliminary injunction. Szigeti sued the Ohio Department of Commerce and several individuals employed within various divisions of that department. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Szigeti's complaint sets forth four principle allegations: (1) Ohio Rev.Code § 4749 and the Rules Governing Private Investigators and/or Security Guard Providers are unconstitutional, because they require those being regulated to provide confidential documents to a state agency, including payroll records for employees within that industry; (2) these particular laws regarding licensing of private investigators have been discriminatorily applied to Szigeti, as well as those who are similarly situated; (3) the subpoena duces tecum issued by the Department of Commerce ordering Szigeti to produce certain documents is unconstitutional; and (4) the Ohio laws and regulations are vague and overbroad, thereby denying Szigeti of his right to due process of law because the Ohio Department of Commerce is attempting to enforce these regulations without proper notice to Szigeti of the contents of the regulatory scheme.
 
 
 3
 The parties agreed to refer the matter to a magistrate judge to conduct the proceedings and to order the entry of final judgment in this case. It was further agreed that an appeal would be to the Sixth Circuit Court of Appeals. In a memorandum and order filed October 23, 1991, the magistrate judge granted summary judgment for the defendants. The magistrate judge also denied Szigeti's motion for reconsideration of a prior order which had denied Szigeti's request to prevent the defendants from enforcing the subpoena duces tecum issued pursuant to Ohio Rev.Code § 4749.11(E).
 
 
 4
 On appeal, Szigeti argues: (1) the district court erred in granting summary judgment "by incorporating and relying on the action taken in the Franklin County Common Pleas Court against appellant"; (2) the district court committed prejudicial error by "overruling appellant's motion for reconsideration, when granting summary judgment for appellee"; (3) the district court erred by granting summary judgment against the "great weight of the evidence"; and (4) the district court erred by granting summary judgment when several genuine issues of material fact remain unresolved.
 
 
 5
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 A party moving for summary judgment must meet an initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. This burden may be met by showing that, having had sufficient opportunity for discovery, the non-moving party has no evidence to support an essential element of his or her case. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Street, 886 F.2d at 1479 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). One of the principal purposes of summary judgment is to dispose of factually unsupported claims or defenses, and the Supreme Court has directed that this procedural rule should be interpreted in a way which allows it to accomplish that purpose. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
 
 
 7
 The procedural history of this case in state court was outlined in the magistrate judge's final order granting the defendants' motion for summary judgment. However, the magistrate judge's memorandum and order does not rely on any state court ruling in coming to an independent determination that summary judgment should be granted or that a preliminary injunction was not appropriate. The magistrate judge fulfilled his obligation of reviewing Szigeti's allegations under federal and constitutional law, apart from state law interpretation, to arrive at his conclusion that there was no genuine issue of material fact to allow Szigeti's case to go to trial.
 
 
 8
 Szigeti's argument is incorrect that the district court had "exclusive jurisdiction" in this matter. Rather, jurisdiction was concurrent with the state courts in this case. Gulf Offshore Co. v. Mobile Oil Corp., 453 U.S. 473, 378-79 (1981); CSXT, Inc. v. Pitz, 883 F.2d 468, 472 (6th Cir.1989), cert. denied, 494 U.S. 1030 (1990). Contrary to Szigeti's suggestion, neither the district court nor this court has exclusive jurisdiction to decide questions of state law and procedure.
 
 
 9
 Throughout his brief, on appeal, Szigeti also argues that the magistrate judge "improperly weighed" the evidence in concluding that summary judgment should be granted. However, the record shows that the magistrate judge examined Szigeti's complaint, and thoroughly analyzed all of the evidence presented to determine that a genuine issue truly did not exist. Contrary to Szigeti's argument, the magistrate judge did consider whether the state laws and regulations were being applied discriminatorily and concluded that certain other occupations excluded from the licensing requirements at issue were regulated elsewhere in Ohio's code, so that to regulate them under this particular licensing section would be duplicative. Therefore, there is no merit to his arguments that the magistrate judge did not consider some of Szigeti's allegations and did not thoroughly review the evidence to determine that summary judgment was proper.
 
 
 10
 As noted by the district court, Szigeti cannot claim that he is protected under the Fifth Amendment from disclosing certain employee payroll records under the licensing scheme, because these particular records fall within the "required" records exception to the Fifth Amendment privilege. Grosso v. United States, 390 U.S. 62, 66-68 (1968); In re Grand Jury Subpoena Duces Tecum, Underhill, 781 F.2d 64, 67 (6th Cir.), cert. denied, 479 U.S. 813 (1986). In this case, there is no indication that Szigeti was under criminal investigation or that the information that he was requested to provide was incriminating on its face or was to be applied to further a criminal prosecution. Secondly, these records are of the type that a business would normally keep in the regular conduct of business. Third, the records being withheld "are at least analogous to public documents" in that private investigators in Ohio must permit an inspection of those records to be licensed under state law. Underhill, 781 F.2d at 68-69.
 
 
 11
 The Supreme Court has continued to uphold that the Fifth Amendment privilege may not be invoked to resist compliance with a regulatory regime constructed to effect a state's public purpose unrelated to the enforcement of its criminal laws. Baltimore City Dep't of Social Servs. v. Bouknight, 493 U.S. 549, 566 (1990) (quoting Shapiro v. United States, 335 U.S. 1 (1948)). In Shapiro, the Supreme Court further held that a state administrative agency does not exceed its bounds in regulating businesses when there is a sufficient relation between the activity sought to be regulated and public concern with regulating a particular industry. Shapiro, 335 U.S. at 32. These laws and regulations are reasonable and rationally related to the state's concern of regulating private investigators and their businesses within the state. As noted by the district court, the Ohio legislature has determined that the public good requires that private investigators and providers of security service personnel should be regulated, and the regulations and laws, on their face, do not appear to be unconstitutional. Thus, Szigeti cannot now claim a Fifth Amendment privilege in order to withhold certain documents, contrary to that licensing scheme.
 
 
 12
 Likewise, Szigeti may not claim that his Fourth Amendment rights were violated by the issuance of the subpoena duces tecum. The record shows that Department of Commerce agents entered Szigeti's place of business, audited the records Szigeti voluntarily provided, and left without certain other records they had requested, specifically the employee payroll records which Szigeti admitted that he had, but would not produce. There was no "non-consenual entry" that may support a Fourth Amendment claim. See Donovan v. Lone Steer, Inc., 464 U.S. 408, 415 (1984). The defendants did not receive any records that were not voluntarily delivered to them. When Szigeti refused to produce the payroll records, the auditor, after several follow-up phone calls, requested the specific documents only by way of the subpoena now at issue. Like the search of a private home, the search of a business is presumptively unreasonable if conducted without a warrant. However, where there is no unauthorized search or seizure, a warrant is not required because an administrative subpoena, sufficiently limited in scope, relevant in purpose, and specific in direction so that compliance will not be unreasonably burdensome, is adequate in situations such as this. McLaughlin v. Kings Island, 849 F.2d 990, 993 (6th Cir.1988) (quoting See v. City of Seattle, 387 U.S. 541, 544-45 (1967)).
 
 
 13
 Although Szigeti states on appeal that the district court failed to consider whether the Ohio laws and regulations governing private investigators are being discriminatorily applied, he continues, in substance, to argue only the facial unconstitutionality of Ohio Rev.Code § 4749.01. Szigeti presents no evidence that is sufficient to show the laws are being enforced against "full-time" private investigators, while not being enforced against other classes, such as police officers working off duty for private concerns. The evidence Szigeti presents does show that a great number of police officers do offer their services on a privately-commissioned basis. However, it does not prove that these officers are not required to be licensed under Ohio Rev.Code § 4749 during their off-duty assignments.
 
 
 14
 In support of his argument that a preliminary injunction was erroneously denied, Szigeti refers to alleged improper procedure in the district court, specifically: (1) he was required to attend the hearing on the preliminary injunction in person while the defendants were required to be present only by telephone; and (2) the district court improperly failed to consider his reply brief on the matter under the Federal Rules of Civil Procedure. Szigeti does not show or allege that the conference prejudiced his right to fully participate in the hearing in any way. Secondly, the district court did consider Szigeti's reply brief, although not required to do so under local rules, finding that the reply brief contained nothing more than what Szigeti had originally alleged in his motion for injunctive relief. The magistrate judge, in his memorandum and order, discussed the four factors that must be considered to determine whether preliminary injunctive relief should be granted, and appropriately found that the state's regulatory scheme permitted the subpoena duces tecum to be issued by the administrative agency. See International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir.1991), cert. denied, 112 S.Ct. 2941 (1992). Thus, this argument, likewise, is without merit.
 
 
 15
 Accordingly, the district court's order granting the defendants' motion for summary judgment and denying Szigeti's motion for reconsideration is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.