United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20206

_____

JACK YETIV; ASPENWOOD APARTMENTS
PARTNERS, L.P.; PARK ON WESTVIEW
APARTMENTS PARTNERS, L.P.; MARIA
VARGAS,

Plaintiffs-Appellants,

versus

OFFICER HALL; INSPECTOR MELNIK;
INSPECTOR MCGEE; THE CITY OF HOUSTON,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 4:02-CV-3785)
_____

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

The judgment is modified in part and otherwise affirmed, for the following

reasons:

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1.  Appellants cannot rely on an ever-expanding body of claims.  They were allowed to amend their complaint, and are limited to the claims set forth in the live second amended complaint (the complaint).

2.  As to Yetiv, the complaint does not state a claim.  Yetiv does not have standing to complain of the alleged unconstitutional search of the premises owned by the plaintiff limited partnerships, or the alleged unconstitutional criminal charge against Vargas.  Even if this conduct was motivated by a desire on the part of defendants to retaliate against Yetiv personally, the complaint does not allege an injury-in-fact that is concrete, particularized, and imminent.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Yetiv argues that the city inspections have caused him and the apartment staff to incur personal time responding to the defendants' "harassment" and defending Vargas, but such allegations do not in our view confer standing on Yetiv.  Choosing to defend Vargas as her attorney does not make Yetiv the victim of a constitutional violation.  Furthermore, there is no general constitutional tort for "harassment" of a property owner, or in Yetiv's case, the holder of a lien on property.  To the extent that Yetiv complains that city employees conducted their harassment by issuing citations and instigating legal proceedings, we have held that there is no "freestanding constitutional right to be free from malicious prosecution."  Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003) (en banc), cert. denied, 125 S. Ct. 31, 33 (2004).

3.  The judgment against Vargas was also warranted.  The complaint alleges that as a mere employee of the partnerships owning the apartment complexes, she is not

individually, criminally liable for the failure to post the occupancy permit because state law does not oblige her personally to post the permit. The complaint alleges that "[t]o criminally charge an employee with misconduct for which she cannot possibly be responsible is arbitrary and capricious and violates the individual's Fourteenth Amendment right to be free from such governmental abuse." Vargas likewise sought class certification for all similarly situated individual employees of certain businesses "who have been written criminal citations for illegal conduct allegedly committed not by the recipient of the citation but rather by the owners of these businesses." The appellees argue that Vargas was properly charged and prosecuted under state law. Both sides brief whether state and municipal law impose liability on agents such as Vargas in these circumstances. Vargas's defense failed in state court. Regardless, Vargas does not state a constitutional claim. A federal constitutional violation does not occur every time a State prosecutes a defendant who has a colorable defense. Again, there is no freestanding federal claim under § 1983 for malicious prosecution recognized in our circuit. "[C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim." Castellano, 352 F.3d at 953.

4. Not every encounter between a citizen and a law enforcement officer implicates the Fourth Amendment. INS v. Delgado, 466 U.S. 210, 215 (1984). Generally, police questioning, by itself, does not fall within the ambit of Fourth Amendment protections. Id. at 216. A seizure occurs when a reasonable person believes that he is not free to

3

leave.  United States v. Mendenhall, 446 U.S. 544, 554 (1980).  The complaint does not allege that Vargas personally was seized under the Fourth Amendment or did not reasonably feel free to leave.  She was allegedly one of several apartment staff members present when the city employees arrived at one of the apartment complexes.

5.  The complaint alleges that defendants entered the "manager's private office" at one of the apartment complexes, but does not identify that manager, or specifically assert a Fourth Amendment violation on behalf of the manager.  It identifies plaintiff Vargas as an assistant manager.

6.  With respect to the two appellant limited partnerships and their respective business and leasing offices, the novel issue presented is whether the partnerships had a constitutionally protected expectation of privacy in offices, at least parts of which were frequented by tenants, prospective tenants, and others, when various efforts were made to restrict access to the apartment complexes as a whole for security or other reasons.  The complaint does not state whether the manager's office was locked, closed off from the rest of the offices, or even had a door.  The factual circumstances alleged are quite different from those involving a locked warehouse at issue in See v. City of Seattle, 387 U.S. 541 (1967), or the personal residence at issue in Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967).  The Supreme Court has stated that those cases "turned upon the effort of the government inspectors to make nonconsensual entries into areas not open to the public."  Donovan v. Lone Steer, Inc., 464 U.S. 408, 414 (1984).  Even if a constitutionally protected expectation of privacy exists in the circumstances alleged in the

4

pending case, it is not clearly established, and at oral argument counsel for appellants admitted as much by repeatedly referring to the issue is one of first impression. Absent a clearly established right that was violated, the individual defendants are entitled to qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). We will not reverse a judgment if the district court can be affirmed on any ground, regardless of whether the district court articulated the ground. See United Indus., Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 765 n.6 (5th Cir. 1996).

7. As to the city's alleged liability to the partnerships, the complaint did not state a claim for municipal liability. To establish such liability, the violation must be caused by a municipal policy or custom reflecting a deliberate or conscious choice by city policymakers, see City of Canton v. Harris, 489 U.S. 378, 389 (1989), or by an official with final policymaking authority, see Pembaur v. City of Cincinnati, 475 U.S. 469, 481-84 (1986). For all one can tell from the complaint, the latest alleged incidents of harassment that form the basis of the complaint were unauthorized acts initiated by lower level city employees and were not directed by city policymakers. It states, for instance, that after appellate review was denied in an earlier legal skirmish, "City agents began harassing Yetiv and his staff again," but does not allege that those agents were policymakers or were directed by a policymaker.

8. With respect to a state claim for trespass, the question of whether as a substantive legal matter one or more appellants stated a claim for trespass was not briefed below so far as we can tell or ruled upon by the district court. As we interpret the court's

action in dismissing the whole suit, the court followed the general rule it is proper to decline to exercise supplemental jurisdiction over state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial.  <u>Batiste v. Island Records, Inc.</u>, 179 F.3d 217, 227 (5th Cir. 1999).  We are convinced that the district court, having dismissed the federal claims, was not inclined to exercise supplemental jurisdiction over the trespass claim.  However, the court should have dismissed the trespass claim without prejudice, and we modify the judgment accordingly.  The judgment is

     AFFIRMED AS MODIFIED.