OPINION
WATFORD, Circuit Judge:
Los Angeles Municipal Code § 41.49 requires hotel and motel operators to keep records with specified information about their guests. Plaintiffs, motel owners in Los Angeles, challenge a provision of § 41.49 authorizing warrantless, onsite inspections of those records upon the demand of any police officer. We are asked to decide whether this provision is facially invalid under the Fourth Amendment.
I
Section 41.49 requires hotel and motel operators to collect and record detailed information about their guests in either paper or electronic form. The records must contain: the guest’s name and address; the number of people in the guest’s party; the make, model, and license plate number of the guest’s vehicle if the vehicle will be parked on hotel property; the guest’s date and time of arrival and scheduled date of departure; the room number assigned to the guest; the rate charged and the amount collected for the room; and the method of payment. L.A. Mun. Code § 41.49(2)(a). For cash-paying and walk-in guests, as well as any guest who rents a room for less than twelve hours, the records must also contain the number and expiration date of the identification document the guest presented when checking in. § 41.49(4). For guests who check in using an electronic kiosk, hotel operators must record the guest’s name, reservation and credit card information, and the room number assigned to the guest. § 41.49(2)(b). These records must be “kept on the hotel premises in the guest reception or guest check-in area or in an office adjacent to that area” for a period of 90 days. § 41.49(3)(a).
*1061 Plaintiffs do not challenge these requirements. But they do challenge § 41.49’s warrantless inspection requirement, which states that hotel guest' records “shall be made available to any officer of the Los Angeles Police Department for inspection,” provided that, “[w]henever possible, the inspection shall be conducted at a time and in a manner that minimizes any interference with the operation of the business.” Id,} The city stipulated that this provision authorizes police officers to inspect hotel guest records at any time without consent or a search warrant. Failure to comply with an officer’s inspection demand is a misdemeanor, punishable by up to six months in jail and a $1000 fine. L.A. Mun.Code § 11.00(m).
Plaintiffs have been and will continue to be subjected to warrantless record inspections under § 41.49. They filed this action under 42 U.S.C. § 1988 seeking declaratory and injunctive relief barring continued enforcement of § 41.49’s warrantless inspection provision, on the ground that it is facially invalid under the Fourth Amendment. Following a bench trial, the district court rejected plaintiffs’ facial challenge and entered judgment for the City of Los Angeles.
II
The first question raised by plaintiffs’ facial challenge is whether a police officer’s non-consensual inspection of hotel guest records under § 41.49 constitutes a Fourth Amendment “search.” We have little difficulty concluding that it does.
The Fourth Amendment protects the right of the people to be secure in their “persons, houses, papers, and effects” against unreasonable searches and seizures. U.S. Const, amend. IV. A search occurs for Fourth Amendment purposes when the government physically intrudes upon one of these enumerated areas, or invades a protected privacy interest, for the purpose of obtaining information. United States v. Jones, — U.S. -, 132 S.Ct. 945, 949-51, 181 L.Ed.2d 911 (2012); Katz v. United States, 389 U.S. 347, 360-61, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). The “papers” protected by the Fourth Amendment include business records like those at issue here. See Hale v. Henkel, 201 U.S. 43, 76-77, 26 S.Ct. 370, 50 L.Ed. 652 (1906).
Record inspections under § 41.49 involve both a physical intrusion upon a hotel’s papers and an invasion of the hotel’s protected privacy interest in those papers, for essentially the same reasons. “One of the main rights attaching to property is the right to exclude others, and one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude.” Rakas v. Illinois, 439 U.S. 128, 144 n. 12, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) (citation omitted). The business records coveréd by § 41.49 are the hotel’s private property, and the hotel therefore has both a possessory and an ownership interest in[1]'the records. By virtue of those property-based interests, the hotel has the right to exclude others from prying into the contents of its records, which is also the source of its expectation of privacy in the records. Cf. Florida v. Jardines, — U.S. -, 133 S.Ct. 1409, *1062 1418-19, 185 L.Ed.2d 495 (2013) (Kagan, J., concurring). That expectation of privacy is one society deems reasonable because businesses do not . ordinarily disclose, and are not expected to disclose, the kind of commercially sensitive information contained in the records — e.g., customer lists, pricing practices, and occupancy rates. The hotel retains that expectation of privacy notwithstanding the fact that the records are required to be kept by law. See McLaughlin v. Kings Island, Div. of Taft Broad. Co., 849 F.2d 990, 995-96 (6th Cir.1988); Brock v. Emerson Elec. Co., 834 F.2d 994, 996 (11th Cir.1987).
The hotel’s property and privacy interests are more than sufficient to trigger Fourth Amendment protection. As to the property-based rationale for our holding, which is grounded in a century-old line of Supreme Court precedent beginning with Hale, 201 U.S. at 76-77, 26 S.Ct. 370, the dissent is in complete agreement. See Clifton Dissent at 1070. As to the privacy-based rationale, the dissent asserts that plaintiffs were required to prove, as a factual matter, that their business records are subject to a reasonable expectation of privacy. Clifton Dissent at 1072-74. We do not believe business owners are required to prove that proposition, any more than homeowners are required to prove that papers stored in a desk drawer are subject to a reasonable expectation of privacy. So long as a business’s records are “private,” as the Court held in Hale, 201 U.S. at 76, 26 S.Ct. 370, they fall within the scope of the “papers”, protected by the Fourth Amendment.
, No one contests here that plaintiffs’ hotel records are in fact private. If the records were “publicly accessible,” as the dissent posits, Clifton Dissent at 1073, it is true they would not be protected by the Fourth Amendment, since “[wjhat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.” Katz, 389 U.S. at 351, 88 S.Ct. 507. But, by the same measure, if the records were publicly accessible, the police of course would not need to rely on •§ 41.49 to gain access to them.
That the hotel records at issue contain information mainly about the hotel’s guests does not strip them of constitutional protection. To be sure, the guests lack any privacy interest of their own in the hotel’s records. United States v. Cormier, 220 F.3d 1103, 1108 (9th Cir.2000); see United States v. Miller, 425 U.S. 435, 440, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). But that is because the records belong to the hotel, not the guest, and the records contain information that the guests have voluntarily disclosed to the hotel. Cormier, 220 F.3d at 1108. It may be the case, as the dissent speculates, that the hotel in Cormier voluntarily consented to an inspection of its guest records. See Clifton Dissent at 1072-73. But that does not support the dissent’s contention that hotels generally lack an expectation of privacy in such records. Otherwise, the fact that a defendant in one of our published decisions voluntarily consented to the search of his home would establish that the rest of us lack an expectation of privacy in our own homes.
A police officer’s non-consensual inspection of hotel guest records plainly constitutes a “search” under either the property-based approach of Jones or the privacy-based approach of Katz. Such inspections involve both a physical intrusion upon the hotel’s private papers and an invasion of the hotel’s protected privacy interest in those papers for the purpose of obtaining information. See Jones, 132 S.Ct. at 951 n. 5. Whether the officers rifle through the records in paper form, or view the records on a computer screen, they are doing so to obtain the information contained in the records. That the *1063 inspection may disclose “nothing of any great personal value” to the hotel—on the theory, for example, that the records contain “just” the hotel’s customer list—is of no consequence. Arizona v. Hicks, 480 U.S. 321, 325, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). “A search is a search, even if it happens to disclose nothing but the bottom of a turntable.” Id.
Ill
The question we must next decide is whether the searches authorized by § 41.49 are reasonable. Ordinarily, to answer that question, we would balance “the need to search against the invasion which the search entails.” Camara v. Mun. Court, 387 U.S. 523, 537, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); see Maryland v. King, — U.S. -, 133 S.Ct. 1958, 1970, 186 L.Ed.2d 1 (2013). Here, however, that balance has already been struck. The Supreme Court has made clear that, to be reasonable, an administrative record-inspection scheme need not require issuance of a search warrant, but it must at a minimum afford an - opportunity for pre-compliance judicial review, an element that § 41.49 lacks.
We will assume, without deciding, that § 41.49 is in fact intended to authorize administrative record inspections, rather than “searches for evidence of crime,” which would ordinarily require a warrant. Michigan v. Tyler, 436 U.S. 499, 511-12, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978). The city defends § 41.49 as a nuisance abatement measure designed to deter drug dealing and prostitution, on the theory that those who would be inclined to use hotels to facilitate their illicit activities will be less inclined to do so if they know that hotel operators must collect—and make available to the police—information identifying each of their guests. Plaintiffs do not contest this characterization of § 41.49, and we need not question it to resolve this case.
We will also assume that § 41.49 is intended to authorize access only to the hotel guest records, rather than to nonpublic areas of the hotel’s premises. When the government seeks access to nonpublic areas of a business to enforce health and safety regulations, an administrative search warrant is generally, required before that greater level of intrusion is permitted. See Donovan v. Lone Steer, Inc., 464 U.S. 408, 414, 104 S.Ct. 769, 78 L.Ed.2d 567 (1984); See v. City of Seattle, 387 U.S. 541, 545, 87 S.Ct. 1741, 18 L.Ed.2d 930 (1967). Section 41.49 could be read as authorizing inspections of hotel guest records, at least in some circumstances, in “an office adjacent to” the guest check-in area. L.A. Mun.Code § 41.49(3)(a). If that office were not open to the public, officers could not insist on conducting the inspection there without an administrative search warrant. See Lone Steer, 464 U.S. at 414, 104 S.Ct. 769; See, 387 U.S. at 545, 87 S.Ct. 1741. As a general rule, however, § 41.49 appears to contemplate record inspections occurring in the “guest reception or guest check-in area” of the hotel, areas which presumably are open to the public. L.A. MumCode § 41.49(3)(a). Given our disposition, we need not decide whether record inspections in an area of a business open to the public, such as a hotel lobby, would require an administrative search warrant.
With these assumptions in mind, which give the city the benefit of the doubt at each turn, we will apply the Fourth Amendment principles governing administrative record inspections, rather than those that apply' when the government searches for evidence of a crime or conducts administrative searches of non-public areas of a business. See Tyler, 436 U.S. at 511-12, 98 S.Ct. 1942; Marshall v. Barlow’s, Inc., 436 U.S. 307, 320-21, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). Even under *1064 the more lenient Fourth Amendment principles governing administrative record inspections, § 41.49 is facially invalid.
The government may require businesses to maintain records and make them available for routine inspection when necessary to further a legitimate regulatory interest. See California Bankers Ass’n v. Shultz, 416 U.S. 21, 45-46, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); Kings Island, 849 F.2d at 992-93. But the Fourth Amendment places limits on the government’s authority in this regard. See Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 208-09, 66 S.Ct. 494, 90 L.Ed. 614 (1945). The government may ordinarily compel the inspection of business records only through an inspection demand “sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome.” See, 387 U.S. at 544, 87 S.Ct. 1741. Section 41.49 appears to satisfy this Fourth Amendment prerequisite by adequately specifying (and limiting the scope of) the records subject to inspection. In-addition, however, the demand to inspect “may not be made and enforced by the inspector in the field.” Id. at 544-45, 87 S.Ct. 1741. The party subject to the demand must be afforded an opportunity to “obtain judicial review of the reasonableness of the demand prior to suffering penalties- for refusing to comply.” Id. at 545, 87 S.Ct. 1741; see also Lone Steer, 464 U.S. at 415, 104 S.Ct. 769.
Section 41.49 lacks this essential procedural safeguard against arbitrary or abusive inspection demands. As presently drafted, § 41.49 provides no opportunity for pre-compliance judicial review of an officer’s demand to inspect a hotel’s guest records. If the hotel operator refuses the officer’s demand, she may be found guilty without more of a misdemeanor, punishable by up to six months in jail and a $1000 fine. See L.A. Mun.Code § 11.00(m). Hotel operators are thus subject to the “unbridled discretion” of officers in the field, who are free to choose whom to inspect, when to inspect, and the frequency with which those inspections occur. See Barlow’s, 436 U.S. at 323, 98 S.Ct. 1816. Only by refusing the officer’s inspection demand and risking a criminal conviction may a hotel operator challenge the reasonableness of the officer’s decision to inspect. See Camara, 387 U.S. at 532, 87 S.Ct. 1727. To comply with the Fourth Amendment, the city must afford hotel operators an opportunity to challenge the reasonableness of the inspection demand in court before penalties for non-compliance are imposed. See Lone Steer, 464 U.S. at 415, 104 S.Ct. 769; See, 387 U.S. at 545, 87 S.Ct. 1741; Kings Island, 849 F.2d at 996; Emerson Elec., 834 F.2d at 997.[2]
The dissent is certainly correct that “[t]he lack of pre-compliance judicial review does not necessarily make a search unreasonable under the Fourth Amendment.” Clifton Dissent at 1071. But it does render unreasonable the particular searches at issue here — administrative inspections of business records in industries that are not closely regulated. The dissent never refutes that point. It merely notes that pre-compliance judicial review is not required for other types of searches that § 41.49 does not purport to authorize, *1065 such as automobile searches or “stop and frisks.” Id. That observation has no relevance to the Fourth Amendment issue raised by this case.
IV
We hold that § 41.49’s requirement that hotel guest records “shall be made available to any officer of the Los Angeles Police Department for inspection” is facially invalid under the Fourth Amendment insofar as it authorizes inspections of those records without affording an opportunity to “obtain judicial review of the reasonableness of the demand prior to suffering penalties for refusing to comply.” See, 387 U.S. at 545, 87 S.Ct. 1741. Because this procedural deficiency affects the validity of all searches authorized by § 41.49(3)(a), there are no circumstances in which the record-inspection provision may be constitutionally applied. See United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Facial invalidation of the provision, as plaintiffs have requested, is therefore appropriate. See Barlow’s, 436 U.S. at 325, 98 S.Ct. 1816; Kings Island, 849 F.2d at 997.
That conclusion is not undermined by the dissent’s observation, see Tallman Dissent at 1067, that officers may seek to inspect hotel guest records based on a source of authority other than § 41.49. If “exigent circumstances” exist to justify a non-consensual inspection of hotel guest records, for example, officers may conduct such a search in compliance with the Fourth Amendment whether § 41.49 is on the books or not. Nor is it relevant that plaintiffs have not yet “suffered a penalty for refusing to comply.” Id. “The forbearance of a field officer in graciously declining to propose a penalty” — thus far — does not cure the constitutional defect in § 41.49’s administrative record-inspection scheme. Emerson Elec., 834 F.2d at 997.
REVERSED and REMANDED.

. Section 41.49(3)(a) provides in full:
The record shall be kept on the hotel premises in the guest reception or guest check-in area or in an office adjacent to that area. The record shall be maintained at that location on the hotel premises for a period of 90 days from and after the date of the last entry in the record and shall be made available to any officer of the Los Angeles Police Department for inspection. Whenever possible, the inspection shall be conducted at a time and in a manner that minimizes any interference with the operation of the business.

. Unannounced inspections without an opportunity for pre-compliance judicial review may be reasonable in certain closely regulated industries, such as mining and firearms. See, e.g., New York v. Burger, 482 U.S. 691, 702, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987). As the district court correctly concluded, however, no serious argument can be made that the hotel industry has been subjected to the kind of pervasive regulation that would qualify it for treatment under the Burger line of cases. See Barlow’s, 436 U.S. at 313-14, 98 S.Ct. 1816.