# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1845

_____

R. Alexander Acosta, Secretary of Labor

*Plaintiff - Appellee*

v.

La Piedad Corporation, doing business as El Mezcal Mexican Restaurant

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 13, 2018
Filed: July 3, 2018

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

The Department of Labor (DOL) is investigating possible violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* (FLSA), by La Piedad Corporation (La Piedad), doing business in Harrisonville, Missouri, as El Mezcal Mexican Restaurant (El Mezcal). In June 2016, DOL issued an administrative subpoena requesting documents. When La Piedad did not respond, the district court granted DOL's petition to enforce the subpoena and ordered La Piedad to comply. La Piedad

produced documents in December 2016 and provided additional information in January 2017. In February 2017, DOL filed a motion to hold La Piedad in civil contempt for failing to produce documents identifying other businesses owned by La Piedad's shareholders. The district court granted the motion and tolled the statute of limitations for actions brought by DOL until La Piedad fully complies. La Piedad appeals. Concluding that DOL failed to meet its burden to introduce evidence that would support a subpoena to produce documents not in La Piedad's possession, custody, or control, we reverse.

## I. Background

In January 2016, DOL's Wage and Hour Division opened an investigation into La Piedad's compliance with the FLSA. DOL investigators interviewed employees and examined payroll records at the restaurant in early February. On March 14, DOL sent La Piedad's attorney a letter requesting, *inter alia*, a list of all owners and their percentage of ownership, names and addresses of any other locations owned or partially owned by the owners, and the annual dollar volume of sales for each location. When La Piedad did not respond, DOL served an administrative subpoena on June 1, 2016, requesting twenty-two categories of documents. At issue on this appeal is Request No. 2 which requested -

> All documents showing the names and addresses of all other businesses
> that are partially and/or fully owned by any of the owners of La Piedad
> Corporation and the percentage of ownership.

La Piedad did not produce documents at the time and place demanded. DOL filed a petition to enforce the subpoena; La Piedad responded with a motion to dismiss, arguing it is not subject to the FLSA's wage and hour requirements because it is "an enterprise whose annual gross volume of sales" is less than $500,000. See 29 U.S.C. § 203(s)(1)(A)(ii). On October 20, after a hearing, the district court denied La

Piedad's motion to dismiss, properly concluding "that a subpoena enforcement proceeding is not the proper forum in which to litigate the question of [FLSA] coverage." Donovan v. Shaw, 668 F.2d 985, 989 (8th Cir. 1982). The court granted DOL's motion to enforce the subpoena and ordered La Piedad to provide the documents within sixty days.

On December 20, La Piedad produced its internal tax returns, which showed the percentage ownership of its "members," plus Data Entry Worksheets and Payroll Journals, time cards, a list of names and addresses of employees, and a written response that answered Request No. 2, "N/A." Three days later, DOL sent an email requesting "missing payroll documents" and documents responsive to Request No. 2. On January 11, 2017, La Piedad produced additional payroll records but not missing time cards, which had been destroyed, or documents responsive to Request No. 2. DOL objected, threatening further judicial action. On January 25, La Piedad's attorney responded, "No additional documents responsive to the subpoena exist," and explained that a manager had thrown away the missing time cards. DOL then filed a motion seeking an order holding La Piedad in civil contempt for violating the district court's order to produce documents responsive to Request No. 2. Without a hearing, the district court issued its order finding La Piedad in contempt of the October 2016 enforcement order for failing to respond to Request No. 2. The court ordered La Piedad to provide within twenty-one days -

> corporate records, secretary of state filings, tax records, partnership or LLC agreements, articles of incorporation, liquor licenses, other business operation licenses, or any other documents that *show businesses owned by any of the owners of La Piedad Corporation*.

(Emphasis in original.) The court also tolled the FLSA statute of limitations "from June 1, 2016 to the date that [La Piedad] fully responds to the subpoena." La Piedad appeals the court's contempt finding and tolling decision.

-3-

## II. Discussion

We deal with a narrow question, judicial enforcement of an administrative subpoena. Section 11(a) of the FLSA grants the Administrator of DOL's Wage and Hour Division broad authority to investigate wages, hours, and conditions of employment in covered industries and possible FLSA violations. 29 U.S.C. § 211(a). Section 9 (29 U.S.C. § 209) grants the Administrator the investigative powers and duties provided in sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49, 50. That Act grants the Federal Trade Commission the "power to require by subpoena" the production of documents "relating to any matter under investigation," and the power to "invoke the aid of any court of the United States in requiring . . . production of documentary evidence." 15 U.S.C. § 49. District courts are authorized, "in case of contumacy or refusal to obey a subpoena," to issue an order to produce documentary evidence, and failure to obey "may be punished by such court as a contempt thereof." Id.; see Cudahy Packing Co. of La. v. Holland, 315 U.S. 357, 363 (1942) (in enforcing an administrative agency subpoena, "there can be no penalty incurred for contempt before there is a judicial order of enforcement").

The Federal Rules confirm that a district court may hold a party in contempt for failure to obey an order related to an administrative agency subpoena. See Fed. R. Civ. P. 45(g), 81(a)(5). However, "the contempt power is a most potent weapon," and we review the grant of a contempt order "more searchingly" than a denial. Indep. Fed'n of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998) (quotation omitted). The party seeking a civil contempt order "bears the burden of proving facts warranting such relief by clear and convincing evidence." Jake's, Ltd., Inc. v. City of Coates, 356 F.3d 896, 899-900 (8th Cir. 2004). A party cannot be held in contempt for violating an ambiguous court order. Imageware, Inc. v. U.S. W. Commc'ns, 219 F.3d 793, 797 (8th Cir. 2000). We review *de novo* whether the district court applied the wrong legal standard. U.S. Int'l Trade Comm'n v. ASAT, Inc., 411 F.3d 245, 253 (D.C. Cir. 2005).

DOL chose to seek information about the business activities of La Piedad's *shareholders* by issuing *to La Piedad* a subpoena to produce documents. The subpoena is a judicial process, punishable by the judicial remedy of contempt. Congress expressly authorized DOL to issue administrative subpoenas and to seek judicial enforcement by contempt. But Congress provided that there can be no contempt remedy except for violation of a judicial order enforcing the agency's subpoena. This necessarily subjects the agency's statutory subpoena power to the same limitations that restrict the enforcement of judicial subpoenas by contempt. A subpoenaed employer may "question the reasonableness of the subpoena, before suffering any penalties for refusing to comply with it, by raising objections in an action in district court." Donovan v. Lone Steer, Inc., 464 U.S. 408, 415 (1984).

A judicial subpoena "command[s] each person to whom it is directed to . . . produce designated documents . . . in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "It is well settled that a person cannot be compelled to produce, under a subpoena, a document which is neither in his possession nor under his control." Traub v. United States, 232 F.2d 43, 47 n.9 (D.C. Cir. 1955) (quotation omitted); accord In Re Grand Jury, 821 F.2d 946, 951 (3d Cir. 1987) ("A party's lack of possession or legal control over documents requested by a subpoena is normally a valid defense to a subpoena."), cert. denied, 484 U.S. 1025 (1988). The Supreme Court has made clear that a party's ability to produce documents responsive to a valid subpoena is an essential prerequisite to exercise of the judiciary's potent contempt powers. "Ordinarily, one charged with contempt of court for failure to comply with a court order makes a complete defense by proving that he is unable to comply. A court will not imprison a witness for failure to produce documents which he does not have unless he is responsible for their unavailability." United States v. Bryan, 339 U.S. 323, 330-31 (1950).

In our view, this principle applies to enforcement of an administrative subpoena. DOL cites no statute or regulation authorizing it to issue a subpoena

commanding a party to produce documents that are not within its possession, custody or control. Indeed, the subpoena at issue properly reflected this principle, defining the term "documents" as meaning materials "in La Piedad Corporation's possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of La Piedad Corporation." On appeal, DOL points generally to the broad investigatory power granted in 29 U.S.C. § 211(a). But the extent of DOL's investigative power is not at issue. It "is essentially the same as . . . the court's in issuing . . . pretrial orders for the discovery of evidence. . . . There is no harassment when the subpoena is issued *and enforced according to law*." Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 216-17 (1946) (emphasis added).

Request No. 2 demanded that *La Piedad* produce documents reflecting the business activities of its *shareholders*, without regard to where those documents are located or whether they pertain to La Piedad's business. La Piedad can be faulted for initially responding "N/A" to Request No. 2. But when pressed for a response, La Piedad plainly stated in January 2017 that it has no documents responsive to Request No. 2 in its possession, custody, or control. Without challenging that statement, DOL moved for an order finding La Piedad in contempt. DOL presented no clear and convincing evidence showing, as the subpoena definition provided, that documents exist which are "within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of La Piedad Corporation." Such an agency showing might have defeated La Piedad's possession defense, because persons "officially responsible for the conduct of [a corporation's] affairs" who "prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty . . . are guilty of disobedience, and may be punished for contempt." United States v. Fleischman, 339 U.S. 349, 357-58 (1950).

An agency theory of custody and control requires proof -- clear and convincing proof -- to warrant a finding of contempt. Even when the subpoenaed corporation

-6-

and the party having possession and custody of requested documents are corporate affiliates, the agency must make a showing that the subpoenaed party would "have access to these documents and the ability to obtain them for its usual business." ASAT, 411 F.3d at 255 (quotation omitted); accord United States v. Int'l Union of Petroleum & Ind. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) (international and local union affiliates). In most circumstances, a corporation does not have control over documents in the possession of its shareholders. "Generally, a shareholder is not an agent or representative of the corporation unless expressly or impliedly authorized as such." 1 W. Fletcher, Cyclopedia of the Law of Corporations § 30 (2015). Of course, "shareholders may involve the corporation in their own business affairs to such an extent as to constitute it their agent." Id. There is no factual basis in the record on appeal for inferring such an agency relationship in this case.

Without holding a hearing, and without considering this universally recognized defense to a civil contempt order, the district court issued the broadest possible order, requiring La Piedad to obtain and produce all documents relating to the shareholders' business activities, whether related or unrelated to their El Mezcal investment, even including their confidential "tax records." The court referenced no statutory or judicial authority for ordering production of shareholder documents not in La Piedad's possession or control, and not in the shareholders' possession as agents of La Piedad. This was a misuse of the civil contempt power.

DOL asserts that the documents at issue are needed to determine whether El Mezcal employees are subject to FLSA wage and hour requirements because La Piedad and its owners are engaged in a common enterprise whose combined sales exceed $500,000. Separately owned businesses are considered a single "enterprise" subject to the FLSA if they engage in "related activities" and have "unified operation or common control" and a "common business purpose." Donovan v. Weber, 723 F.2d 1388, 1391 (8th Cir. 1984), applying 29 U.S.C. § 203(r)(1). We do not question DOL's authority to investigate whether La Piedad and its employees are part of a

-7-

single enterprise that is subject to the FLSA's requirements. This would no doubt authorize DOL to subpoena relevant information and documents directly from La Piedad's shareholders, in which case any dispute over the reasonableness of the agency's demands would be resolved with the affected private parties before the district court.[1] What DOL's statutory authority and pertinent contempt precedents do not permit is a fishing expedition in which the agency uses a judicial contempt order to compel La Piedad to play the role of involuntary fisherman.

For these reasons, we reverse the district court order holding La Piedad in civil contempt for failing to produce documents in response to Request No. 2. This eliminates the basis for the district court's decision to toll the statute of limitations until La Piedad "fully responds to the subpoena," and that order is likewise reversed. However, we do not otherwise disturb the court's earlier subpoena enforcement order. Nor, given La Piedad's unreasonable delay in producing documents in response to other subpoena requests, do we preclude the court from considering a request by DOL to toll the statute of limitations from June 13, 2016, to January 25, 2017.

The Order of the district court dated March 29, 2017, is reversed.

_____

[1] As worded, Request No. 2 if included in an administrative subpoena issued to an individual La Piedad shareholder would doubtless not be enforced as unreasonably broad. See United States v. Lehman, 887 F.2d 1328, 1335 (7th Cir. 1989).