Filed 12/15/21  P. v. Hawkins CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B312926 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA151634) |
| v. | |
| STEVEN DWAYNE HAWKINS, | |
| Defendant and Appellant. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge.  Affirmed.

Ryan Patrick King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Steven Dwayne Hawkins appeals the trial court's order denying his motion to suppress evidence under Penal Code

section 1538.5, made in conjunction with a probation revocation hearing, and the court's judgment finding him in violation of probation.

In court proceedings before Judge Lynn D. Olson on September 11, 2020, Hawkins pleaded no contest to one count of possession of cocaine base for sale. (Health & Saf. Code, § 11351.5[1] [count 1].) By plea agreement, the court dismissed one count of unauthorized possession of a controlled substance (§ 11377 [count 2]), and sentenced Hawkins to three years of formal probation with a suspended sentence of the high term of four years in county jail. Under the terms of his probation, Hawkins agreed to submit his person and property to warrantless search and seizure by any probation officer or other peace officer without probable cause or reasonable suspicion, and agreed to obey all laws and orders of the court.

On March 6, 2021, Long Beach Police Department Officer Daniel Orloff responded to assist other officers at the Flamingo Inn in Long Beach. Officer Orloff requested that the hotel provide a list of all residents and guests. The hotel staff complied, and officers then ran the list through the "JDOC" system to identify guests and residents who were on probation, parole, or had outstanding warrants.

Hawkins was identified as a person on probation. He was the only person registered with the hotel for room 206, so the officers went to his room to conduct a probationary search. A woman answered the door and the officers explained why they were there. When they entered, Hawkins was lying on the bed. The officers searched the hotel room and discovered crack cocaine, a razor, money, sandwich bags, a cell phone, and a scale. The woman claimed that the crack cocaine was hers.

On April 6, 2021, the Long Beach Police Department alleged that Hawkins violated probation by failing to obey all laws. Counsel was appointed and filed a motion to suppress evidence pursuant to Penal Code section 1538.5.

On the morning of June 1, 2021, Judge Olson transferred the probation violation hearing and the motion to suppress to Judge Kelvin D. Filer. At the hearing before Judge Filer that afternoon, counsel argued that the officers

_____

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

2

violated the law by demanding a list of hotel guests and residents, and that Hawkins had an expectation of privacy in his hotel room, his name, and his credit card information. Counsel cited *Patel v. City of Los Angeles* (2013) 738 F.3d 1058, a case which held that a municipal code provision authorizing police officers to search hotel registries without the consent of the hotel owner was facially invalid under the Fourth Amendment. The prosecutor responded that Hawkins did not have standing, as the list was possessed by the hotel. Moreover, the Fourth Amendment exclusionary rule does not apply to probation revocation proceedings. Defense counsel responded that the Fourth Amendment does apply if the search is arbitrary and capricious.

The trial court denied the motion. The court ruled that the search and seizure was not arbitrary and capricious or made with intent to harass Hawkins. Hawkins did not have standing to challenge the taking of the hotel registry. The officers asked for, and did not demand the list of hotel guests, and hotel staff gave the registry to the police voluntarily. The terms and conditions of Hawkins' probation clearly advised that he was subject to warrantless search and seizure, so he did not have an expectation of privacy. Hawkins had constructive possession of the items in his hotel room.

The court imposed the four-year suspended sentence.

Hawkins timely appealed the trial court's order denying his motion to suppress.

This court appointed counsel to represent Hawkins on appeal. On September 27, 2021, appointed counsel filed a brief raising no issues, asking this court to independently review the record for arguable appellate contentions under *People v. Wende* (1979) 25 Cal.3d 436. Hawkins was advised of his right to file a supplemental brief within 30 days. Hawkins timely filed a supplemental brief on October 27, 2021.

Hawkins makes several arguments regarding defense counsel's representation, including that counsel should have called witnesses, including other officers at the scene, the hotel's employees or owners, and the criminologist, and conducted a more thorough investigation. To prevail on an ineffective assistance of counsel claim, it is necessary to establish both error and prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688, 694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–218.) "[A] conviction will be

3

reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) There is no indication in the record that counsel's actions were not reasonable tactical decisions, and she was not afforded an opportunity to explain her choices. Error has not been established. Moreover, Hawkins has not demonstrated prejudice; he does not explain how the actions he believes his attorney should have taken would have obtained a more favorable outcome.

Hawkins next argues that the search and seizure was warrantless, and therefore unreasonable. He contends that he had a reasonable expectation of privacy in his hotel room. In this case there was a probation condition subjecting Hawkins to warrantless searches at any time. Such a condition provides an exception to the warrant requirement, provided the officer conducting the search "know[s] of that [search] condition when he acts" and "the search is not undertaken for harassment or for arbitrary or capricious reasons or in an unreasonable manner." (*People v. Durant* (2012) 205 Cal.App.4th 57, 64.) Officer Orloff testified that officers knew Hawkins was on probation when they searched his room. There is no evidence that the search and seizure was conducted in an arbitrary or capricious manner. Officers requested the hotel registry and staff provided it voluntarily. The officers then knocked on Hawkins' hotel door and explained to the woman who answered that they were there to conduct a probationary search. She admitted the officers and they discovered controlled substances and associated items. There was nothing out of the ordinary about the search and seizure.

Finally, Hawkins complains that the trial court seemed surprised that his motion to suppress hearing was to be held concurrently with his probation violation hearing. He argues that his hearing should have been before Judge Olson who, according to Hawkins, knew the case better and was prepared. To the extent Hawkins contends he had a right to have his probation revocation hearing heard by the same judge who accepted his plea and sentenced him for his original offense, the contention is without merit.

(*People v. Martinez* (2005) 127 Cal.App.4th 1156, 1159.)  To the extent Hawkins complains about the manner in which Judge Filer proceeded, there is nothing in the hearing transcript that indicates the trial court was unprepared or unfamiliar with Hawkins' case.  The trial court stated that it had reviewed the moving papers and conducted its own research prior to the hearing.  In making its ruling, the court gave comprehensive reasons for its decisions and cited to and discussed relevant case law.  In the absence of evidence to the contrary, we presume the trial court knows the law and applies it correctly.  (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398.)

We have completed our independent review of the record.  There are no arguable contentions on appeal.  (*Smith v. Robbins* (2000) 528 U.S. 259.)

## DISPOSITION

The trial court's order and judgment are affirmed.


MOOR, J.


We concur:



RUBIN, P.J.



KIM, J.


5